## STATE v. WADE RUSSELL.

236 N. W. 2d 612.

November 28, 1975—No. 44610.

*C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Vernon E. Bergstrom, David W. Larson,* and *Michael McGlennen,* Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant was charged by indictment with aggravated robbery and first-degree murder, Minn. St. 609.185 and 609.245. Pursuant to a plea agreement negotiated by his attorney, defendant pleaded guilty to a reduced charge of second-degree murder, Minn. St. 609.19, and was sentenced by the district court to a prison term of 3 to 25 years, with the sentence to run concurrently with a sentence of 3 to 10 years defendant was then serving for another crime.

On this appeal from judgment of conviction, defendant contends that the district court should not have accepted his guilty plea because the record does not disclose an adequate factual basis for the plea nor contain sufficient evidence that he understood the nature and elements of the charge to which he pleaded guilty. We affirm.

The rule is that a trial court may not accept a defendant's guilty plea unless it is first satisfied that, among other things, the plea is supported by an adequate factual basis. There must

be sufficient facts on the record to support a conclusion that the defendant actually committed a crime at least as serious as the one to which he pleaded guilty. Beaman v. State, 301 Minn. 180, 221 N. W. 2d 698 (1974); State v. Gustafson, 298 Minn. 200, 214 N. W. 2d 341 (1974). Defendant's answers to questions by the prosecutor in this case disclose a factual basis for the plea even though no question was specifically directed to the element of intent to kill. State v. Hopkins, 293 Minn. 522, 198 N. W. 2d 542 (1972).

As a result of Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. ed. 2d 274 (1969), we cannot presume from a silent record that a defendant who pleaded guilty did so intelligently and voluntarily. However, the record in this case is not silent but shows that defendant had a full opportunity to consult with his counsel before entering the plea. We therefore may safely presume that counsel informed him adequately concerning the nature and elements of the offense. State v. Propotnik, 299 Minn. 56, 216 N. W. 2d 637 (1974).

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.