**Dwight Louis SHAW, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 50329.**

Supreme Court of Minnesota.

April 4, 1980.

C. Paul Jones, Public Defender, and Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, David W. Larson, Asst. County Atty., and Thomas A. Weist, Minneapolis, for respondent.

TODD, Justice.

Petitioner, who is serving two consecutive prison terms of 1 year and 1 day to 20 years for convictions of criminal sexual conduct in the first degree and kidnapping (offenses occurring on different days and involving different victims), contends on this appeal from an order of the district court denying postconviction relief that he should be permitted to withdraw the guilty pleas on which these convictions were based because he was told by the public defender who negotiated the plea agreement for him that he would receive concurrent terms.  Although petitioner testified at the postconviction hearing that the public defender told him that the agreement was that he would receive concurrent terms, the public defender testified at the hearing that, while he had no specific recollection of his conversation with petitioner, his policy in cases such as this—which he believed he followed—was to explain to the client that the trial court was free to sentence to consecu-

tive terms. An examination of the transcript of the hearing at which petitioner entered his guilty pleas reveals that the public defender specifically questioned petitioner on the record to establish that petitioner fully understood that the court could sentence him to consecutive terms. It was not until after he was in prison that petitioner first claimed that his understanding was otherwise. In view of these facts, we hold (a) that the postconviction court did not clearly err in finding that petitioner knew at the time he entered his pleas that he might receive consecutive terms and (b) that the court properly refused to permit petitioner to withdraw his guilty pleas and stand trial on the original charges.

Affirmed.