STATE of Minnesota, Respondent,

v.

Donald P. BROWN, Appellant.

No. 50832.

Supreme Court of Minnesota.

Oct. 1, 1982.

C. Paul Jones, Public Defender, Anthony Schumacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Thomas A. Weist, Asst. County Atty., Minneapolis, for respondent.

SCOTT, Justice.

This is an appeal from an order of the district court denying a petition for post-conviction relief in the form of permission to withdraw guilty pleas entered by petitioner in 1978. We affirm.

In 1978 petitioner was charged by complaint with a total of 21 property crimes against four different victims. Offenses charged included theft by swindle (eight counts), fraud in connection with the offer, purchase or sale of securities (eight counts), sale of securities without a license (two counts) and offer or sale of an unregistered security (three counts). Represented by counsel of his own choosing, petitioner pleaded guilty to one charge from each complaint, namely, one count of theft by swindle, one count of fraud in the offer, purchase or sale of securities, and one count of offer or sale of an unregistered security. In exchange, the state agreed to dismiss the other charges and agreed not to charge petitioner with any other similar offenses of which the state was then aware.

The district court accepted the pleas and, after a presentence investigation, sentenced

petitioner to consecutive terms of 10, 5 and 5 years in prison.

Subsequently, while his appeal from judgment of conviction was pending, petitioner obtained a stay and sought postconviction relief in the form of permission to withdraw his pleas or resentencing.

The district court, after a long hearing, granted resentencing because petitioner's main attorney was not present at the sentencing and because the presentence investigation report contained inaccuracies which may have affected the sentence. However, the district court denied petitioner's request for permission to withdraw his guilty pleas.

Thereafter, petitioner was resentenced to consecutive terms of 7, 2 and 2 years in prison. He is now on parole.

Issues raised on appeal are (1) whether petitioner should be permitted to withdraw his pleas because (a) there was an inadequate factual basis for them or (b) the pleas resulted from a misunderstanding by petitioner, caused by his attorney, of the consequences of his pleas, and (2) whether a rehearing is necessary because the postconviction court erroneously relied on the affidavit of petitioner's former attorney in violation of petitioner's right to due process.

Our examination of the record satisfies us, as it did the district court, that the record at the time the pleas were made contained an adequate factual basis to support the pleas. *See State v. Genereux,* 272 N.W.2d 33 (Minn.1978); *State v. Goulette,* 258 N.W.2d 758 (Minn.1977); *State v. Hoaglund,* 307 Minn. 322, 240 N.W.2d 4 (1976); *State v. Russell,* 306 Minn. 274, 236 N.W.2d 612 (1975).

We also believe that the postconviction court properly concluded that petitioner failed to meet his burden of proving that he did not understand the consequences of his pleas when he entered them. *Shaw v. State,* 290 N.W.2d 789 (Minn.1980).

We need not decide whether the postconviction court erred in admitting the affidavit of petitioner's counsel[1] because, given the overwhelming other evidence refuting petitioner's claims, we are satisfied that even if there was error, it was not prejudicial.

Affirmed.

1. *Compare* Minn.Stat. § 590.04, subd. 3 (1980), which allows the postconviction court to receive evidence "in the form of affidavit, deposition or oral testimony" with *Campbell v. Minnesota,* 487 F.2d 1 (8th Cir. 1973).