*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2058**

State of Minnesota,
Respondent,

vs.

Steven Anthoni McMorris-Rice,
Appellant.

**Filed September 8, 2014
Affirmed
Larkin, Judge**

Hennepin County District Court
File No. 27-CR-12-31551

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth Roosevelt Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)


        Considered and decided by Bjorkman, Presiding Judge; Larkin, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges his conviction of prohibited possession of a firearm, arguing that his guilty plea was invalid and that his right to due process was violated. We affirm.

**FACTS**

Respondent State of Minnesota charged appellant Steven Anthoni McMorris-Rice with being a prohibited person in possession of a firearm. The complaint alleged that McMorris-Rice was ineligible to possess a firearm due to an "EJJ conviction for simple robbery."

McMorris-Rice appeared in district court for a plea hearing on the charge. The parties agreed that McMorris-Rice would "enter[] a straight plea to the [c]ourt" and that, prior to sentencing, the district court would review McMorris-Rice's EJJ records to determine "if [he] [was] in fact ineligible for the firearms." The parties and district court agreed to vacate the plea if the court determined that McMorris-Rice was not ineligible to possess a firearm. McMorris-Rice pleaded guilty to the charge and provided a factual basis in support of his plea. During questioning by his attorney and the prosecutor, McMorris-Rice acknowledged that on September 19 or 20, 2012, he possessed a 25-caliber handgun, that he had been on EJJ probation, and that he was "put on EJJ" on April 30, 2009, for simple robbery.

Prior to sentencing, and after the parties had reviewed McMorris-Rice's juvenile records, McMorris-Rice argued that his EJJ conviction did not prohibit him from possessing a firearm because he "did not execute his adult sentence [and] therefore, [his

EJJ disposition] cannot [be] considered a crime . . . , meaning that he was not ever convicted of a crime of violence" under the meaning of Minn. Stat. § 624.713, subd. 1(2) (2012). The district court rejected McMorris-Rice's argument and sentenced him to serve 48 months in prison based on his guilty plea. The sentence was a downward durational departure.

McMorris-Rice appeals his conviction, arguing that his guilty plea was invalid and that his right to due process was violated.

**D E C I S I O N**

**I.**

McMorris-Rice contends that his guilty plea was inaccurate and therefore invalid, and that the plea "must be vacated." *See State v. Warren*, 419 N.W.2d 795, 798 (Minn. 1988) ("An appellate court, on appeal, will reject a guilty plea if it concludes the trial judge could not fairly have concluded that the defendant's plea was accurate."). To be valid, a guilty plea must be "accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). "The accuracy requirement protects the defendant from pleading guilty to a more serious offense than he or she could be properly convicted of at trial." *Carey v. State*, 765 N.W.2d 396, 400 (Minn. App. 2009) (quotation omitted), *review denied* (Minn. Aug. 11, 2009). The validity of a plea is a question of law that we review de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

McMorris-Rice pleaded guilty to prohibited possession of a firearm under Minn. Stat. § 624.713, subd. 1(2), which provides that "a person who has been convicted of, or adjudicated delinquent or convicted as an extended jurisdiction juvenile for committing,

3

in this state or elsewhere, a crime of violence" "shall not be entitled to possess a pistol or semiautomatic military-style assault weapon or . . . any other firearm."[1] A "crime of violence" includes a felony conviction of simple robbery. Minn. Stat. § 624.712, subd. 5 (2012).

Even though McMorris-Rice does not dispute that he has an EJJ conviction[2] for the felony-level offense of simple robbery, he nonetheless argues that his EJJ conviction is not a "crime of violence" for the purpose of section 624.713, subdivision 1(2). He relies on section 260B.255, subdivision 1, of the Juvenile Court Act, which states, in relevant part, that "[a] violation of a state or local law or ordinance by a child before becoming 18 years of age is not a crime unless the juvenile court . . . convicts the child as an extended jurisdiction juvenile and subsequently executes the adult sentence." Minn. Stat. § 260B.255, subd. 1(3) (2012). McMorris-Rice argues that, because the district court discharged him from EJJ probation without executing his adult sentence, "[his] simple robbery adjudication should not be considered a *crime*, much less a crime of violence for purposes of the ineligible persons statute."

---

[1] The Juvenile Court Act similarly provides that "[a] person who was adjudicated delinquent for, or convicted as an extended jurisdiction juvenile of, a crime of violence as defined in section 624.712, subdivision 5, is not entitled to ship, transport, possess, or receive a firearm for the remainder of the person's lifetime." Minn. Stat. § 260B.245, subd. 1(b) (2012).

[2] In his appendix, McMorris-Rice provides a copy of the Register of Actions regarding his EJJ case. It indicates that the district court "adjudicated" him "delinquent" of simple robbery in his EJJ case. Whether McMorris-Rice was adjudicated delinquent or convicted as an extended jurisdiction juvenile, he is ineligible to possess a firearm. *See* Minn. Stat. § 624.713, subd. 1(2).

McMorris-Rice essentially argues that this court should use the meaning of the word "crime" under section 260B.255, subdivision 1, of the Juvenile Court Act to define a "crime of violence" under section 624.713. But chapter 624 explicitly defines a "crime of violence" stating, in relevant part, that "'[c]rime of violence' means: felony convictions of the following offenses: . . . 609.24 (simple robbery)." Minn. Stat. § 624.712, subds. 1, 5 (2012). And section 624.713, subdivision 1(2), provides that "a person who has been . . . adjudicated delinquent or convicted as an extended jurisdiction juvenile for committing . . . a crime of violence" is ineligible to possess a firearm. Minn. Stat. § 624.713, subd. 1(2). It is undisputed that McMorris-Rice was adjudicated delinquent or convicted as an extended jurisdiction juvenile for committing a felony-level simple robbery. McMorris-Rice is therefore ineligible to possess a firearm under the plain language of chapter 624. *See State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013) ("If the Legislature's intent is clear from the statute's plain and unambiguous language, then we interpret the statute according to its plain meaning without resorting to the canons of statutory construction.").

McMorris-Rice also argues that "[he] did not admit a sufficient factual basis for the offense of ineligible person in possession of a firearm." "A proper factual basis must be established for a guilty plea to be accurate." *State v. Theis*, 742 N.W.2d 643, 647 (Minn. 2007) (quotation omitted). "The factual basis must establish sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Munger v. State*, 749 N.W.2d 335, 338 (Minn. 2008) (quotations omitted). A factual basis requires "the disclosure on the record of the specific

facts that would establish the elements of the crime to which the defendant is pleading guilty." *State v. Misquadace*, 629 N.W.2d 487, 491-92 (Minn. App. 2001), *aff'd*, 644 N.W.2d 65 (Minn. 2002).

McMorris-Rice argues that he "did not acknowledge that he indeed *was* an ineligible person or that he *was* still under the EJJ conditions at the time that he possessed the handgun." Instead, he "merely acknowledge[d] that the court and the state were under the impression that he was ineligible to possess a firearm." This argument is unavailing.

The offense elements of prohibited possession of a firearm include McMorris-Rice's possession of a firearm after he had been adjudicated delinquent or convicted as an extended jurisdiction juvenile for committing a crime of violence. *See* Minn. Stat. § 624.713, subd. 1(2). During his guilty plea, McMorris-Rice stated that he possessed a handgun approximately three years after he had been "put on" EJJ probation for simple robbery. *See* Minn. Stat. § 260B.130, subd. 4(a) (2012) (stating that an EJJ disposition occurs after "a guilty plea or finding of guilt"). Those facts are sufficient to establish the elements of the offense. They are also sufficient to support a conclusion that McMorris-Rice's conduct fell within the charge to which he pleaded guilty. Whether or not McMorris-Rice was on EJJ probation when he possessed the firearm is irrelevant under the plain language of Minn. Stat. § 624.713, subd. 1(2). And any doubts that the district court initially had regarding McMorris-Rice's guilt were considered and resolved prior to the district court's imposition of sentence. *See State v. Russell*, 306 Minn. 274, 274-75, 236 N.W.2d 612, 613 (1975) (stating that "a [district] court may not accept a defendant's

guilty plea unless it is first satisfied that, among other things, the plea is supported by an adequate factual basis").

In sum, McMorris-Rice is ineligible to possess a handgun under the plain language of chapter 624, he provided an adequate factual basis for his guilty plea, and his plea was valid.

## II.

McMorris-Rice also raises a due-process argument on appeal. It is not clear that this argument is properly before this court. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) ("This court generally will not decide issues which were not raised before the district court, including constitutional questions of criminal procedure."). We nonetheless reject the argument on its merits because neither the record nor the law supports it.

McMorris-Rice first asserts that his "due process rights were violated when he was prosecuted for possession of a firearm by an ineligible person when the record is unclear whether he had been warned that he could not possess firearms." The record is not unclear. To the contrary, the record establishes that when McMorris-Rice pleaded guilty to simple robbery, he was warned that he could not lawfully possess firearms as a result of his EJJ conviction. At the plea hearing, McMorris-Rice's attorney asked him: "We talked about the fact that you cannot, for the rest of your life, own or possess any kind of firearm, and that includes a BB gun, right?" McMorris-Rice responded: "Yes."

McMorris-Rice next asserts that "[d]ue process prohibits state representatives from misleading individuals as to their legal obligations." *See Whitten v. State*, 690

7

N.W.2d 561, 562 (Minn. App. 2005) ("The government may not inform citizens convicted of a crime that all their civil rights have been restored and then prosecute them for conduct that is permitted when all their civil rights have been restored."). Yet McMorris-Rice concedes that "[t]here is no evidence that [he] was affirmatively misled regarding the restoration of his rights." He nonetheless argues for relief based on "the notification duties owed to juvenile offenders" under Minn. Stat. § 242.31 (2012). He contends that "there was a failure by the [district] court to perform the affirmative duty of providing appropriate notice under Minn. Stat. § 242.31." Based on the plain language of section 242.31, we disagree.

Section 242.31 states:

> Subdivision 1. Restoration. Whenever a person who has been committed to the custody of the commissioner of corrections upon conviction of a crime *following certification under the provisions of section 260B.125* is finally discharged by order of the commissioner, that discharge shall restore the person to all civil rights. . . .

> Subd. 2. Order of discharge. *Whenever a person described in subdivision 1* has been placed on probation by the court pursuant to section 609.135 and, after satisfactory fulfillment of it, is discharged from probation, the court shall issue an *order of discharge* pursuant to subdivision 2a and section 609.165.

> This order restores the defendant to civil rights.

> Subd. 2a. Crimes of violence; ineligibility to possess firearms. The *order of discharge* must provide that a person who has been convicted of a crime of violence, as defined in section 624.712, subdivision 5, is not entitled to ship, transport, possess, or receive a firearm for the remainder of the person's lifetime. . . .

8

Minn. Stat. § 242.31 (emphasis added).

Because McMorris-Rice was not convicted of a crime following certification under section 260B.125, the requirements of section 242.31 are inapplicable. *See* Minn. Stat. § 260B.125 (2012) (governing the certification of proceedings against juveniles "for action under the laws and court procedures controlling adult criminal violations"). Moreover, even if section 242.31 did apply, this court has indicated that noncompliance with section 242.31 would not affect the applicability of section 624.713. *See State v. Grillo*, 661 N.W.2d 641, 645 (Minn. App. 2003) (noting that section 624.713, subdivision 3(a) "provides that failure to give notice does not affect the applicability of the statute" and that "it is a long-held principle in Minnesota that ignorance of the law is not a defense when it would have been possible, had appellant made the effort to do so, to learn of the existence of the prohibition"), *review denied* (Minn. Aug. 5, 2003).

In sum, McMorris-Rice has not established a violation of his right to due process or that his guilty plea was invalid. We therefore affirm.

**Affirmed.**