*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0810**

State of Minnesota,
Respondent,

vs.

Damien Lashaun Nelson,
Appellant.

**Filed March 2, 2015
Affirmed
Schellhas, Judge**

Dakota County District Court
File No. 19HA-CR-13-3228

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Karen Wangler, Assistant County
Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Stauber, Judge; and

Hooten, Judge.

## UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges the validity of his guilty plea to simple robbery and felony

domestic assault (fear). We affirm.

**FACTS**

Appellant Damien Lashaun Nelson entered B.S.'s home, grabbed her, pushed her, and left with personal property taken from the pockets of a sweatshirt that B.S. was wearing, including car keys, a cell phone, cash, and personal identification and credit cards. B.S. did not give Nelson permission to take the property. Police soon located Nelson at another residence, arrested him, and recovered B.S.'s property from that residence.

Respondent State of Minnesota charged Nelson with simple robbery, two counts of felony domestic assault, and obstructing legal process. Consistent with the terms of a plea agreement, Nelson pleaded guilty to simple robbery and one count of felony domestic assault (fear); the state agreed not to charge Nelson for an alleged September 18, 2013 violation of a domestic assault no-contact order; and the district court sentenced Nelson concurrently to 37 months' imprisonment for simple robbery and 24 months' imprisonment for felony domestic assault (fear) and dismissed the remaining charges.

This appeal follows.

**D E C I S I O N**

"A defendant is free to . . . appeal directly from a judgment of conviction and contend that the record made at the time the plea was entered is inadequate" to show that the plea was valid. *Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989); *see also State v. Anyanwu*, 681 N.W.2d 411, 413 n.1 (Minn. App. 2004) ("[A] defendant who challenges a judgment of conviction against him based on an invalid guilty plea . . . may appeal

directly to this court."). On appeal, "[t]he defendant bears the burden to establish that his plea was invalid," and this court reviews the validity of the plea de novo. *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012).

"Among other requirements, a constitutionally valid guilty plea must be accurate." *Id.* "The purpose of the accuracy requirement is to protect a defendant from pleading guilty to a more serious offense than that for which he could be convicted if he insisted on his right to trial." *Id.* (quotation omitted). A plea must be established on a proper factual basis to be accurate. *Id.* "The factual-basis requirement is satisfied if the record contains a showing that there is credible evidence available which would support a jury verdict that defendant is guilty of at least as great a crime as that to which he pled guilty." *Rickert v. State*, 795 N.W.2d 236, 243 n.3 (Minn. 2011).

In this case, Nelson challenges the validity of his guilty plea to simple robbery and felony domestic assault (fear), arguing that the plea was inaccurate because it is not supported by a proper factual basis. During his plea hearing, Nelson admitted that he was pleading guilty to a felony domestic assault because he had four prior convictions of domestic assault in which B.S. was the victim; he went to B.S.'s Burnsville residence in the late evening hours of September 30 or early morning hours of October 1, 2013; B.S. is the mother of his three-year-old son; when he went to B.S.'s residence, he believed that a no-contact order or an order for protection was in place, prohibiting his contact with B.S.; he argued with B.S. and "picked her up in a type of hug or to move her out of the way so that [he] could get into the bedroom"; his behavior of "pushing her out of the way or hugging her" caused her to be fearful; he took some items from the sweatshirt that B.S.

3

was wearing and left the residence; some of the items were car keys, an Apple cell phone, money, and "some personal identification cards, specifically an EBT card, and a Minnesota Driver's license," and "some prepaid credit cards that did not have a specific name on them, but they were . . . for Wal-Mart"; and he did not have B.S.'s permission to take the items.

Near the end of the plea hearing, Nelson's counsel asked the district court,

> Is the Court satisfied with that to the charge of simple robbery based upon the fact he did in fact cause her to be threatened with perhaps the use of force, and that he did push her which would contribute to the domestic assault with intent of causing fear charge as to Count 3?

The court asked Nelson, "Do you believe you're guilty of those two offenses?" Nelson answered, "Yes, ma'am," and affirmed to the court that he was making no claim of innocence.

Nelson argues that his guilty plea to simple robbery lacks a proper factual basis because the record does not show that he intended to deprive B.S. permanently of the property that he took from her. He argues that theft is a lesser-included offense of simple robbery and therefore an element of simple robbery is intent to deprive an owner permanently of property. *See* Minn. Stat. § 609.52, subd. 2(1) (2012) (providing that theft includes "intentionally and without claim of right tak[ing] . . . movable property of another without the other's consent and with intent to deprive the owner permanently of possession of the property"); *Barnslater v. State*, 805 N.W.2d 910, 914 (Minn. App. 2011) ("For a guilty plea to be accurate, a factual basis must be established on the record showing that the defendant's conduct meets *all* elements of the charge to which he is

4

pleading guilty." (emphasis added)). The state disagrees that theft is a lesser-included offense of simple robbery.

We conclude that regardless of whether theft is a lesser-included offense of simple robbery, Nelson's argument fails. Nelson was not charged with, and did not plead guilty to, the offense of theft by "intentionally and without claim of right tak[ing] . . . movable property of another without the other's consent and with intent to deprive the owner permanently of possession of the property." *See* Minn. Stat. § 609.52, subd. 2(1). Nelson pleaded guilty to simple robbery, the elements of which are (1) "tak[ing] personal property from the person or in the presence of another" and (2) "us[ing] or threaten[ing] the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property," while (3) "having knowledge of not being entitled thereto." *See* Minn. Stat. § 609.24 (2012). A factual basis is required for "all elements of the charge to which [the defendant] is pleading guilty," *Barnslater*, 805 N.W.2d at 914, not the elements of an uncharged offense to which he is not pleading guilty. Nothing in section 609.24 requires the state to prove the defendant's intent to deprive the owner permanently of possession of the property.

Nelson's admissions during his plea colloquy constitute credible evidence that Nelson, believing that he was prohibited from having contact with B.S., went to her residence and used force to overcome B.S.'s resistance or to compel her acquiescence in taking property from B.S.'s person. We conclude that Nelson's guilty plea to simple robbery is supported by a proper factual basis.

5

Nelson also argues that his guilty plea to felony domestic assault (fear) was not established on a proper factual basis because the record does not show that he acted with intent to cause B.S. to fear bodily harm. Because one element of felony domestic assault (fear) is acting "with intent to cause fear in another of immediate bodily harm or death," Minn. Stat. § 609.2242, subd. 1(1) (2012), the record must show a factual basis for Nelson's intent to cause such fear. "'With intent to' . . . means that the actor either has a purpose to do the thing or cause the result specified or believes that the act, if successful, will cause that result." Minn. Stat. § 609.02, subd. 9(4) (2012). "Intent may be inferred from events occurring before and after the crime and may be proved by circumstantial evidence." *State v. Rhodes*, 657 N.W.2d 823, 840 (Minn. 2003). Indeed, "[the supreme court] ha[s] determined that intent is a subjective state of mind usually established only by reasonable inference from surrounding circumstances." *State v. Slaughter*, 691 N.W.2d 70, 77 (Minn. 2005) (quotation omitted).

Even where intent is an element of the offense to which a defendant is pleading guilty, the district court may infer the requisite intent. *See Sykes v. State*, 578 N.W.2d 807, 809, 813–14 (Minn. App. 1998) (rejecting defendant's "claim[] that the factual basis for guilt [of felony terroristic threats] is lacking because he was never questioned about his intent or state of mind at the time he sent the letter or made the telephone call" on the basis that "[t]he district court could readily infer [defendant]'s intent to terrorize [some recipients of the letter and the call]"), *review denied* (Minn. July 16, 1998); *cf. State v. Russell*, 306 Minn. 274, 274–75, 236 N.W.2d 612, 613 (1975) (concluding that "[d]efendant's answers to questions by the prosecutor in this case disclose a factual basis

for the plea [to second-degree murder] even though no question was specifically directed to the element of intent to kill"). And a defendant's prior harassment or abuse of a victim may be relevant to the defendant's state of mind during later incidents involving the same victim. *See State v. Franks*, 765 N.W.2d 68, 75–76 (Minn. 2009) (noting that "it is proper to view a defendant's words and acts in the context of the defendant's relationship with the victim, including evidence of past crimes against the victim," reasoning that "[t]he context for this case is one of domestic violence," and concluding that "the evidence is sufficient to support a finding that [the defendant] knew or had reason to know that his letters would cause [the victim] to feel terrorized"); *cf. Pechovnik v. Pechovnik*, 765 N.W.2d 94, 96, 100 (Minn. App. 2009) (concluding, on husband's appeal from order for protection of wife, that "[t]he evidence was sufficient for the district court to infer [husband]'s present intent to inflict fear of imminent physical harm, bodily injury or assault based on the totality of the circumstances, including [husband]'s history of abusive behavior").

The record contains credible evidence that supports a reasonable inference that Nelson intended to cause B.S. to fear bodily harm. We conclude that Nelson's guilty plea to felony domestic assault (fear) is supported by a proper factual basis.

**Affirmed.**

7