*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0205**

State of Minnesota,
Respondent,

vs.

William Terrell Jackson,
Appellant.

**Filed December 7, 2015
Affirmed
Chutich, Judge**

Hennepin County District Court
File No. 27-CR-14-9885

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Halbrooks, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

Appellant William Jackson appeals from his conviction for first-degree criminal sexual conduct by challenging the validity of his guilty plea. Jackson asserts that the

factual basis was insufficient to support his conviction and asks this court to allow him to withdraw his plea to correct a manifest injustice. Because we find that the factual basis was sufficient, we affirm Jackson's conviction.

**FACTS**

In September 1998, Minneapolis police were called to investigate a reported burglary and sexual assault. When the police arrived, a woman explained that she woke up at 3:00 a.m. to find a man she did not recognize in her room. According to the complaint, the man asked where the woman's money was and told her to "shut your mother f-ckin mouth or I'll blow your head off." The woman reported that the man "forced her to lay down, straddled her and placed one hand on her throat and the other hand over her mouth," and she could not breathe. The woman told the police that when she failed to produce money, the man forced her to give him oral sex. She also stated that while the man rummaged through her wallet and jewelry box looking for money, "he continually threatened to kill her." After forcing oral sex again and ejaculating in her mouth, he gagged her with a sock, tied her up with the strap from her purse, and fled.

Police found semen on a sock the man used to gag the victim and turned it over to the Bureau of Criminal Apprehension for testing. The DNA was eventually matched to Jackson's. On that evidence, the Hennepin County Attorney charged Jackson in 2014 with one count of criminal sexual conduct in the first degree and one count of burglary in the first degree. Jackson pleaded guilty to the charge of first-degree criminal sexual conduct and the state dismissed the first-degree burglary charge. Jackson's counsel and the state developed the factual basis for Jackson's plea by asking him a series of

2

questions. The factual basis includes, among other relevant parts, these questions and answers:

> Q: And you used threats against that victim, threats of force to accomplish that sexual act, is that correct?
>
> A: I believe so…
>
> Q: Now, as to these facts. One of the facts requires that you placed the victim in this particular situation to have reasonable fear of imminent great bodily harm to herself or others. And in this case you did that by those threats that [defense counsel] just asked you about, correct?
>
> A: I believe so.
>
> Q: What do you mean you believe so? You did or you didn't?
>
> A: Yes.
>
> Q: Yes? Okay. Those threats to cause her imminent…great bodily harm to herself were things like you would blow her head off and demanding money and property from her, correct?
>
> A: I believe so, yeah.
>
> Q: Mr. Jackson, I'm just asking you questions – I have to lay the specific elements of the offense, so we have to get into those specifics. So is that a yes you said those things to her? You threatened her life?
>
> A: Yeah, yeah.
>
> Q: She was bound and gagged as you left, correct, which goes to her fear of imminent great bodily harm to herself?
>
> A: Yes.

The district court accepted Jackson's plea, sentenced him to 163 months, and imposed a five-year period of conditional release. Jackson appeals.

## DECISION

Jackson argues that his guilty plea was invalid because "the factual basis failed to establish every element of the offense of first-degree criminal sexual conduct." Specifically, Jackson contends that "the factual basis did not establish that the alleged victim had a reasonable fear of imminent great bodily harm" and asks this court to allow him the opportunity to withdraw his invalid plea to correct a manifest injustice. Jackson's contentions are meritless.

Jackson did not dispute the validity of his plea in district court, but Minnesota caselaw allows him to raise the issue for the first time on direct appeal. *State v. Johnson*, 867 N.W.2d 210, 214 (Minn. App. 2015), *review denied* (Minn. Sept. 29, 2015). The validity of a guilty plea is a question of law that this court reviews de novo. *Id.* at 214–15. When the factual basis of a guilty plea is challenged on appeal, "this court conducts a *de novo* review by reviewing the record of the plea hearing, which should reveal the factual basis." *Id.* at 216. Jackson bears the burden of showing that his plea was invalid. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

A defendant does not have an absolute right to withdraw a guilty plea. *Id.* at 93. When a defendant seeks to withdraw a guilty plea after sentencing, this court must allow it if "withdrawal is necessary to correct a manifest injustice." *Id.*; Minn. R. Crim. P. 15.05, subd. 1. Manifest injustice exists if a guilty plea is invalid. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007).

"A guilty plea is valid if it is 'accurate, voluntary, and intelligent.'" *Johnson*, 867 N.W.2d at 214 (quoting *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994)). "The main

4

purpose of the accuracy requirement is to protect a defendant from pleading guilty to a more serious offense than he could be convicted of were he to insist on his right to trial." *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). Accuracy requires that the plea is supported by a proper factual basis in the record "showing that the defendant's conduct meets all elements of the charge to which he is pleading guilty." *Barnslater v. State*, 805 N.W.2d 910, 914 (Minn. App. 2011).

### *Factual basis*

Jackson contends that his plea was inaccurate because the factual basis does not demonstrate that his conduct met all the elements of first-degree criminal sexual conduct. The statute under which Jackson was convicted provides, in relevant part, that a person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the first degree if "circumstances existing at the time of the act cause the complainant to have a reasonable fear of imminent great bodily harm to the complainant or another." Minn. Stat. § 609.342, subd. 1(c) (2014).

Jackson argues that an accurate factual basis under this statute must establish how the alleged victim felt at the time of the offense and "requires more than [his] unsupported opinion that he placed the alleged victim in a situation to have such fear." Jackson suggests that this requirement could have been accomplished "through an affidavit from the alleged victim or through eliciting testimony from [him] as to whether he observed the alleged victim say or do anything at the time of the offense to indicate that she was fearful." Jackson conceded in his colloquy that his actions could cause a reasonable fear of great bodily harm, but he maintains on appeal that it is unclear from

the record whether the victim actually experienced that fear. Jackson argues: "[t]he pressure of threats, and Appellant's belief that he placed the alleged victim in a situation to have a reasonable fear of imminent great bodily harm does not mean that the alleged victim actually did feel that way." Jackson's contention is unpersuasive.

The Minnesota Supreme Court has upheld the acceptance of guilty pleas when the defendant did not specifically speak to an element of the crime, but the district court inferred intent from other facts and circumstances. *See, e.g.*, *State v. Russell*, 306 Minn. 274, 275, 236 N.W.2d 612, 613 (1975) ("[Appellant's] answers to questions by the prosecutor in this case disclose a factual basis for the plea even though no question was specifically directed to the element of intent to kill."); *State v. Hopkins*, 293 Minn. 522, 523, 198 N.W.2d 542, 542 (1972) ("[Appellant's] answers to questions by the prosecutor disclose a factual basis for the plea even though no question was specifically directed to the element of intent.").

Here, the district court reasonably inferred that the victim felt an actual reasonable fear of imminent great bodily harm. Jackson's admissions support the conclusion that he "actually committed an offense at least as serious as the crime to which he is pleading guilty." *Trott*, 338 N.W.2d at 251–52. He admitted that he forced his way into the victim's home in the middle of the night, forced oral sex on the victim, threatened to "blow her head off," and left her bound and gagged. He also admitted that his threats "placed the victim in this particular situation to have reasonable fear of imminent great bodily harm to herself or others." Jackson himself concedes in his colloquy that fear of imminent great bodily harm would have been reasonable, so this court need only find that

the district court's inference that the victim actually felt that fear was reasonable. Because this inference is reasonable, we conclude that these admissions alone are a sufficient factual basis.

In addition, this court has found that "a district court may consider the facts alleged in a criminal complaint in determining whether an adequate factual basis exists for a plea." *State v. Eller,* 780 N.W.2d 375, 381 (Minn. App. 2010), *review denied* (Minn. June 15, 2010). The sworn complaint, to which Jackson admitted, supplements the elicited testimony with additional details to support the inference that the victim had an actual reasonable fear of imminent great bodily harm. The complaint adds that Jackson continually threatened the victim's life, that he "became enraged," that he "forced her to lay down, straddled her and placed one hand on her throat and the other hand over her mouth" so that she could not breathe, and that he bound and gagged her with her purse strap and a sock.

Taken together, the testimony and the complaint provide sufficient factual basis to support Jackson's conviction of first-degree criminal sexual conduct. Even absent an affidavit from the victim or testimony regarding the victim's behavior or affect, Jackson's admissions regarding his own actions support the reasonable inference that they caused the victim to feel a "reasonable fear of imminent great bodily harm." Accordingly, the district court properly accepted Jackson's plea, and we affirm his conviction.

**Affirmed.**