*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1355**

State of Minnesota,
Respondent,

vs.

Mark Christian Wolhowe,
Appellant.

**Filed July 18, 2016
Affirmed
Ross, Judge**

Ramsey County District Court
File No. 62SU-CR-14-4363

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark F. Gaughan, Erickson, Bell, Beckman & Quinn, P.A., Roseville, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Stauber, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Mark Wolhowe stood in front of the apartment door of an 86-year-old woman,

unzipped his pants to expose his penis, and knocked on the door to wait for the woman to

see him. Wolhowe agreed to plead guilty to misdemeanor indecent exposure but then quibbled about the date of the event. He acknowledged that he had also exposed himself to residents in "the puzzle room" and he gave the date of that exposure to support his plea. He now seeks to withdraw his plea, arguing that the factual basis on the record was insufficient to establish that he intended his exposure to be lewd and that this deficiency was compounded by errors in the plea-colloquy procedure. Because Wolhowe gave the details of his offense and affirmed his attorney's detail of the location of it, and because the full recitation of the events establishes that his exposure was willful and lewd, we affirm.

## FACTS

On December 1, 2014, Roseville police cited Mark Wolhowe for misdemeanor indecent exposure under Minnesota Statutes section 617.23, subdivision 1(1) (2014). Wolhowe agreed to plead guilty in exchange for the state dropping two other indecent-exposure charges arising out of similar conduct.

Wolhowe's plea petition, read into the record at his plea hearing, detailed the incident reported to police by an 86-year-old resident of a Hamline Avenue senior apartment building. She told police that she heard a knock at her door, looked out the door's peephole, and saw Wolhowe standing with his pants unzipped and his penis exposed. Police spoke to Wolhowe, who said he was only "teasing" the woman.

Wolhowe disagreed with this characterization of the facts, saying that although he did knock on the woman's door on that date, he did not expose himself to her on that date. He said that he had instead exposed himself to her previously. After some back and forth,

2

Wolhowe's lawyer proposed a solution to the impasse regarding the date and circumstances of Wolhowe's exposure. She said that Wolhowe would agree that "he exposed his penis to residents of the facility in the puzzle room." Wolhowe affirmed that location and settled on the date of October 30, 2014, for his puzzle-room exhibition. The district court judge asked Wolhowe if he agreed with his attorney's version of events, and Wolhowe answered, "Yes, I do agree with it." The district court found the factual basis to be sufficient and accepted Wolhowe's guilty plea.

But Wolhowe moved to withdraw his guilty plea before sentencing. He argued that his plea was involuntary because his attorney put him under duress. The state argued that it would be prejudiced by the plea being withdrawn due to the complainant's age and potential unavailability for trial. Analyzing whether it would be fair and just to allow Wolhowe to withdraw his plea, the district court found that, although there was some "confusion or evasion" regarding the date of Wolhowe's behavior, there was no undue pressure from counsel. The court concluded that it was not fair or just to allow Wolhowe to withdraw his guilty plea and denied Wolhowe's motion. Wolhowe appeals.

## DECISION

Wolhowe seeks to undo his guilty plea. He maintains that his plea was inaccurate and therefore manifestly unjust. The rules provide different standards for withdrawing a guilty plea, depending on the circumstances. Before sentencing a defendant may withdraw his plea if withdrawal is fair and just. Minn. R. Crim. P. 15.05, subd. 2. After sentencing, the defendant may withdraw his plea only to remedy a manifest injustice. *Id.*, subd. 1. We review plea withdrawals claimed under the manifest injustice standard de novo as a

3

question of law. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Because Wolhowe moved to withdraw his plea before his sentencing, an abuse-of-discretion review of the district court's fair-and-just determination would also be available. *See id.* at 97. But because Wolhowe does not make any argument under the fair-and-just standard, we do not discuss it further.

An inaccurate plea is a manifestly unjust plea. *Id.* at 94. For a plea to be accurate, it must rest on a factual basis sufficient to establish that the defendant's conduct meets the charged crime. *Munger v. State*, 749 N.W.2d 335, 338 (Minn. 2008). A person committing one of several listed acts in the indecent exposure statute "in any public place, or in any place where others are present, is guilty of a misdemeanor." Minn. Stat. § 617.23, subd. 1 (2014). The state accused Wolhowe of violating one of them, charging that he "willfully and lewdly expose[d] [his] body, or the private parts thereof." *Id.*, subd. 1(1).

Wolhowe argues that his admission during the plea colloquy did not establish that when he exposed himself he intended to be lewd or indecent. Wolhowe also maintains that the error was compounded by the district court's failure to follow proper plea entry procedures. The arguments are unconvincing.

For exposure to be indecent, it must be intentional and occur when and where a reasonable person would know that he will be observed by others. *State v. Peery*, 224 Minn. 346, 351, 28 N.W.2d 851, 854 (1947). Intent may be "inferred from the manner of the exposure." *Id.* (quotation omitted). The supreme court has interpreted the present wording of the indecent-exposure statute to deem it a crime when the defendant's conduct "was so likely to be observed 'that it must be reasonably presumed that it was intended to be

4

witnessed.'" *State v. Stevenson*, 656 N.W.2d 235, 241 (Minn. 2003) (quoting *Peery*, 224 Minn. at 352, 28 N.W.2d at 854). And the intent element can be established on the circumstances even if the plea colloquy fails to expressly include the defendant's intent. *See State v. Russell*, 306 Minn. 274, 275, 236 N.W.2d 612, 613 (1975).

We are satisfied that the plea colloquy covers the necessary ground on intent and lewdness. Wolhowe admitted to circumstances showing both. His attorney gave the following synopsis: "[Wolhowe] was in the puzzle room. This room is designated the puzzle room because they have a puzzle that different residents try and fit the pieces together, and he exposed his penis to residents of the facility in the puzzle room." Wolhowe immediately confirmed this statement. And he again agreed with the description when questioned by the district court. That Wolhowe exposed himself "*to*" the residents indicates that he was directing his exposure at them. This assumes intent. And the circumstances of his exposure—a populated gathering area in a senior residence facility—implies lewdness.

Wolhowe also maintains that deficiencies in the process of the plea colloquy show that his plea was inaccurate. A factual basis is generally provided by the defendant expressing what happened in his own words. *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). The defendant's iteration will then suggest to the court how to elicit further details. *Id.* Wolhowe argues that this process was not followed, and he provided only summary recitations of his counsel's version of events. He maintains that his plea is therefore invalid, citing *Shorter v. State*, 511 N.W.2d 743 (Minn. 1994). But the supreme court has clarified that it has "never required that the factual basis for the plea appear in the plea hearing

5

transcript verbatim." *Lussier v. State*, 821 N.W.2d 581, 589 (Minn. 2012). And in fact Wolhowe participated in the development of the factual record of his guilt.

We believe that Wolhowe's personal involvement in the recitation of facts during the colloquy was sufficient to establish his guilt beyond reasonable doubt. He first agreed with the fully described conduct of the doorway offense, put the conduct in his own words, and questioned *only the date*:

> THE COURT: All right. Mr. Wolhowe, did you hear that?
> THE DEFENDANT: Yes, I did.
> THE COURT: Is it true?
> THE DEFENDANT: Not the way it is written.
> THE COURT: Okay. So tell me what you did that is indecent exposure.
> THE DEFENDANT: I knocked on the door. I looked into the peephole. I walked down the hall. I did not at any time expose to her *on that day*.
> MS. COALE: *He did expose himself*.
> THE DEFENDANT: *I did in the past*. She had never said no, never said quit, never said don't, never said any of that. She had just been silent.

(Emphasis added.) After Wolhowe's attorney offered the puzzle-room exposure as the new basis for the plea and conviction, Wolhowe expressly admitted to the location of the conduct he had already admitted to, and he expressed certainty about the date of this exposure:

> THE COURT: All right. So I want to understand. What your attorney just described, now, exposing yourself in the puzzle room to others, right?
> THE DEFENDANT: That's correct.
> THE COURT: That occurred on or about?
> THE DEFENDANT: October.
> THE COURT: Well, now we've gone from May to October to December?
> THE DEFENDANT: October 30th.
> THE COURT: All right. On or about October 30th?
> THE DEFENDANT: Yeah.
> THE COURT: Of 2014?
> THE DEFENDANT: Correct.

By contrast, in *Shorter*, the supreme court emphasized that it was the "highly unusual facts of th[at] case" that led it to require the plea withdrawal. 511 N.W.2d at 746. The *Shorter* court noted multiple misgivings about the process and faulted the district court for not conducting its own questioning of the defendant, especially after the defendant's counsel merely asked leading questions requiring the defendant to acknowledge the state's presentation. *Id.* at 747. Not so here. Wolhowe described the conduct, including admitting exposing himself, and he offered the exact date. The court questioned Wolhowe to fill in the missing detail of the date. The only fact his attorney offered that was different from Wolhowe's own description was the location, so that a date could be agreed upon. And Wolhowe completed the story by providing the date. We see no reason the district court should have developed any misgivings about Wolhowe's guilt, and we have none.

We hold that the plea colloquy established a sufficient factual basis to render Wolhowe's plea accurate, and the process used by the district court did not create a manifest injustice.

**Affirmed.**