**Rickford Rehmann MUNGER, petitioner, Respondent,**

v.

**STATE of Minnesota, Appellant.**

No. A06–1563.

Supreme Court of Minnesota.

May 29, 2008.

Lori Swanson, Minnesota Attorney General, St. Paul, MN, Mark Ostrem, Olmsted County Attorney, James Martinson, David Franklin McLeod, Assistant County Attorney, Rochester, MN, for Appellant.

John Stuart, State Public Defender, Richard Andrew Schmitz, Assistant State Public Defender, St. Paul, MN, for Respondent.

## OPINION

RUSSELL A. ANDERSON, Chief Justice.

The issue before us is whether the offense of first-degree burglary, which requires nonconsensual entry into a building with intent to commit a crime, requires that the intent must be to commit a crime within the building. Respondent Rickford Rehmann Munger was convicted of first-degree burglary following a guilty plea in Olmsted County. He subsequently petitioned to vacate his guilty plea, arguing that the plea was invalid because the factual basis did not establish an intent to commit a crime within the building. The district court denied the petition. On appeal, the court of appeals reversed, concluding that the burglary statute required that Munger have intended to commit a crime within the building, a fact not established at the plea hearing. Concluding that the plain language of the statute does not require intent to commit a crime within the building, we reverse and reinstate the judgment of the district court.

On the night of September 21, 2004, law enforcement responded to a report of a prowler at an apartment building in Rochester. A resident of a ground-level apartment explained that she had seen a man

walking around the area; that he walked by her apartment windows several times; and that he looked into the windows of her apartment and those of a neighbor's apartment. From another room, she watched the man look into her open bedroom window, which did not have a screen, reach inside, and open the curtain. She provided the officer with a description of the man. The police located a man matching the description within a couple of blocks of the apartment building. The man identified himself as respondent Munger. The resident positively identified Munger as the man she saw peer in her window and reach inside.

Munger was charged with first-degree burglary, in violation of Minn.Stat. § 609.582, subd. 1(a) (2006). Following a contested omnibus hearing and the denial of his motion to dismiss the charge for lack of probable cause, Munger entered a guilty plea to the charged offense in exchange for an agreement that the State would not pursue an enhanced sentence under the dangerous offender statute, Minn.Stat. § 609.1095, subd. 2 (2006).[1] During the plea colloquy, Munger admitted that he reached his hand into the open window of the ground-level apartment and moved the curtain for the purpose of being able to look in and invade the privacy of the resident. See Minn.Stat. § 609.746, subd. 1(a) (2006).[2] Following a presentence investigation, the district court imposed the guidelines term of 60 months.

Munger subsequently petitioned for postconviction relief, seeking to withdraw his guilty plea on grounds that the plea was invalid. He argued that the burglary statute requires an intent to commit a crime within the building, but the factual basis for his plea established only "window peeping," a crime that occurred outside the building. The postconviction court summarily denied relief, concluding that "[w]hile most burglary cases undoubtedly involve commission or an intent to commit a crime *within the building,* the statute makes no such geographic requirement." On appeal, the court of appeals reversed, concluding that the statute "impos[es] a requirement that, to be convicted of first-degree burglary * * *, a person must be shown to have intended to commit a crime within the building." *Munger v. State,* 737 N.W.2d 604, 610 (Minn.App.2007). The court of appeals determined that Munger's plea was therefore invalid and remanded the matter for further proceedings. *Id.* at 611. We granted the State's petition for review.

A valid guilty plea must be accurate, voluntary, and intelligent. *State v. Theis,* 742 N.W.2d 643, 646 (Minn.2007). The accuracy requirement protects the defendant from pleading guilty to a more serious offense than he could properly be convicted of at trial. *State v. Trott,* 338 N.W.2d 248, 251 (Minn.1983). Accuracy requires an adequate factual basis to sup-

---

1. The dangerous offender statute, Minn.Stat. § 609.1095, subd. 2, authorizes the imposition of an upward durational departure from the presumptive sentence up to the statutory maximum if the offender is at least 18 years old and the court determines that the offender (1) committed a violent crime that is a felony; (2) has two or more prior convictions for violent crimes; and (3) is a danger to public safety. Munger's criminal history indicates that he qualified for consideration for sentencing under the dangerous offender statute.

2. Minnesota Statutes § 609.746, subd. 1(a), provides:

    A person is guilty of a gross misdemeanor who: (1) enters upon another's property; (2) surreptitiously gazes, stares, or peeps in the window or any other aperture of a house or place of dwelling of another; and (3) does so with intent to intrude upon or interfere with the privacy of a member of the household.

port the charge. *Theis,* 742 N.W.2d at 647. The factual basis must establish " 'sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty.' " *State v. Iverson,* 664 N.W.2d 346, 349–50 (Minn.2003) (quoting *Kelsey v. State,* 298 Minn. 531, 532, 214 N.W.2d 236, 237 (1974)). Munger's claim is that his guilty plea is invalid because the factual basis for the plea does not establish that his conduct fell within a first-degree burglary offense, which he maintains requires intent to commit a crime within the building entered.

■ Statutory interpretation is a question of law, which we review de novo. *Id.* at 350. "A statute must be construed according to its plain language." *State v. Colvin,* 645 N.W.2d 449, 452 (Minn.2002). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (2006).

■ Minnesota Statutes § 609.582, subd. 1, provides that "[w]hoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building," commits first-degree burglary if "(a) the building is a dwelling and another person, not an accomplice, is pres-

ent in it when the burglar enters or at any time while the burglar is in the building." [3] As a preliminary matter, the intrusion of any part of the actor's person into the building, including the intrusion of a hand to open a window, constitutes the requisite entry. *See State v. Nelson,* 363 N.W.2d 81, 83 (Minn.App.1985); 3 Wayne R. La-Fave, *Substantive Criminal Law* § 21.1(b), at 210 (2d ed.2003).

■ For purposes of this appeal, the salient language in the burglary statute is: "[w]hoever enters a building without consent and with intent to commit a crime, *or* enters a building without consent and commits a crime *while in the building,*" commits burglary. (Emphasis added.) Using normal rules of grammatical construction, the plain language of the burglary statute formulates two separate and distinct means, signified by the disjunctive conjunction "or" and separated by a comma, by which a person can violate the statute. "[I]n the absence of some ambiguity surrounding the legislature's use of the word 'or,' we will read it in the disjunctive and require that only one of the possible factual situations be present in order for the statute to be satisfied." *State v. Loge,* 608 N.W.2d 152, 155 (Minn.2000). The two clauses are clear and unambiguous. The plain language of the first-degree burglary statute does not require that a person entering a building without consent and with intent to commit a crime intend that

**3.** Minnesota Statutes § 609.582, subd. 1, provides:

Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice, commits burglary in the first degree and may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $35,000, or both, if:

(a) the building is a dwelling and another person, not an accomplice, is present in it

when the burglar enters or at any time while the burglar is in the building;

(b) the burglar possesses, when entering or at any time while in the building, any of the following: a dangerous weapon, any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or an explosive; or

(c) the burglar assaults a person within the building or on the building's appurtenant property.

the crime be committed within the building entered.

Munger suggests situations, under our reading of the statute, in which a burglary might occur simply by passing through a building while intending to commit some minor offense so far attenuated from the building in time and place as to lead to results clearly unintended by the legislature. We presume "that the legislature does not intend * * * absurd or unreasonable results." *State v. Koenig,* 666 N.W.2d 366, 372 (Minn.2003). Concern about the lack of a connection between the nonconsensual entry into a building and the intended crime is not implicated here. The factual basis for Munger's plea established that he reached into the residence to move the curtain and that he did so simultaneously to surreptitiously gaze, stare, or peep through the window with intent to interfere with the privacy of the resident, in violation of Minn.Stat. § 609.746, subd. 1.

We would note that as originally enacted in the 1963 Criminal Code, the burglary statute provided that "[w]hoever enters a building without the consent of the person in lawful possession, with intent to commit a crime *therein,* commits burglary." Act of May 17, 1963, ch. 753, 1963 Minn. Laws 1185, 1222 (emphasis added). In 1982, the word "therein" was replaced with "in it." Act of Mar. 23, 1982, ch. 613, § 5, 1982 Minn. Laws 1470, 1471. The 1983 recodification of the burglary law, which delineated degrees of burglary, did not include the words "in it," providing instead that

"[w]hoever enters a building without consent and with intent to commit a crime commits burglary." Act of June 14, 1983, ch. 321, § 2, 1983 Minn. Laws 2058, 2059. In 1988, the legislature added the second clause of the current first-degree burglary offense: "or enters a building without consent and commits a crime while in the building." Act of May 4, 1988, ch. 712, § 9, 1988 Minn. Laws 1649, 1654. The legislature also added similar language to the second-, third-, and fourth-degree burglary offenses. *Id.* at 1654–55.[4] Consequently, we are mindful of the potential impact our decision may have with regard to the lesser degrees of burglary. Nevertheless, "where the language of the statute is clear, the court is bound to give effect thereto." *State v. Loge,* 608 N.W.2d 152, 156–57 (Minn.2000).

We therefore hold that the plain statutory language for the offense of first-degree burglary which proscribes nonconsensual entry into a building with intent to commit a crime does not also require that the intent be to commit a crime within the building entered.

Reversed and judgment of the district court reinstated.

---

4. However, for the third-degree burglary offense, the legislature also added language making explicit that the intent upon entry must be to commit the crime in the building, so that the third-degree crime reads:

Whoever enters a building without consent and with intent to steal or commit any felony or gross misdemeanor while in the building, or enters a building without consent and steals or commits a felony or gross misdemeanor while in the building, either directly or as an accomplice, commits burglary in the third degree and may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both.

Minn.Stat. § 609.582, subd. 3 (2006).