**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1186**

Lane Francis Weitzel, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 20, 2015**
**Affirmed**
**Johnson, Judge**

Anoka County District Court
File No. 02-K5-06-009676

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Debra J. Hilstrom, Assistant County Attorney, Anoka, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Johnson, Judge; and Ross, Judge.

**S Y L L A B U S**

A postconviction court may deny a petition for postconviction relief on the ground that the petition is untimely, even if the state did not assert the defense of untimeliness, so long as the district court gives the parties notice of its intention to consider the issue of untimeliness and an opportunity to present their respective positions on the issue.

**O P I N I O N**

**JOHNSON**, Judge

In 2007, Lane Francis Weitzel pleaded guilty to one count of failure to register as a predatory offender. In 2014, he filed a petition for postconviction relief in which he seeks to withdraw his guilty plea on the ground that it is inaccurate because it lacks an adequate factual basis. In its answer to the petition, the state opposed postconviction relief on the merits, without addressing whether the petition is timely. The postconviction court nonetheless denied the petition on the grounds that it is untimely and that Weitzel did not satisfy the interests-of-justice exception to the statute of limitations. On appeal, Weitzel argues that the district court erred by denying the petition for untimeliness because the state waived the defense of untimeliness by failing to raise it in its answer to the petition. We conclude that the district court did not abuse its discretion by denying the petition as untimely because Weitzel had an opportunity to present argument concerning the applicability of the interests-of-justice exception to the two-year statute of limitations and actually presented such an argument. Therefore, we affirm.

**FACTS**

In May 2006, police in the city of Ramsey received a report that Weitzel was residing in the city without complying with his duty to register as a predatory offender. In September 2006, the state charged Weitzel with one count of failure to register as a predatory offender. *See* Minn. Stat. § 243.166, subd. 5 (2006). In June 2007, Weitzel pleaded guilty. The district court imposed a sentence of 17 months of imprisonment but

stayed execution of the sentence and placed him on probation for five years. Weitzel did not pursue a direct appeal.

In March 2014, Weitzel petitioned for postconviction relief. *See* Minn. Stat. § 590.01, subd. 1(1) (2012). In his petition, he seeks to withdraw his guilty plea on the ground that the plea is invalid because it lacks an adequate factual basis. *See Munger v. State*, 749 N.W.2d 335, 337-38 (Minn. 2008); *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007); *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). At his plea hearing in 2007, Weitzel stated that he did not inform his local law-enforcement agency or the Bureau of Criminal Apprehension of his new residence in Ramsey, though he did inform his corrections officer. In a 17-page memorandum in support of the postconviction petition, Weitzel argued that he satisfied the applicable registration requirements by informing his corrections officer of his new residence and, thus, did not commit a crime. *See* Minn. Stat. § 243.166, subd. 3(b). In his memorandum, he also argued that his guilty plea is invalid because he received ineffective assistance of counsel. In his postconviction petition, Weitzel asked the postconviction court to consider his request for relief in the interests of justice despite the general two-year statute of limitations, citing section 590.01, subdivision 4(b)(5), of the Minnesota Statutes, and he presented argument in support of that request in his accompanying memorandum of law.

The state promptly filed an answer to the petition in which it contended generally that Weitzel's "convictions and sentences are lawful and proper and should not be vacated and set aside." The state did not mention the general two-year statute of limitations for filing a postconviction petition, *see* Minn. Stat. § 590.01, subd. 4(a), the

3

exceptions to the two-year limitations period, *see* Minn. Stat. § 590.01, subd. 4(b), or the additional two-year limitations period that applies to petitions that invoke one of the exceptions, *see* Minn. Stat. § 590.01, subd. 4(c).

In May 2014, the postconviction court denied Weitzel's petition for postconviction relief. The postconviction court noted that the petition was filed more than two years after Weitzel's conviction became final and denied the petition on the ground that it is untimely. The postconviction court based that determination on two independent reasons: first, that Weitzel did not file the petition within two years of the accrual of his claim, as required by subdivision 4(c), and, second, that Weitzel did not satisfy the requirements of the interests-of-justice exception in subdivision 4(b)(5). Weitzel appeals.

## ISSUE

Did the postconviction court err by denying Weitzel's petition on the ground that it is untimely even though the state did not assert the defense of untimeliness in its answer to the petition?

## ANALYSIS

Weitzel makes three arguments on appeal. First, he argues that the postconviction court erred by denying his petition on the ground that it is untimely because the state waived the issue of untimeliness by failing to assert it in its answer to the petition. Second, he argues that his guilty plea is invalid on the ground that it is inaccurate because he did not fail to comply with his registration requirement. Third, he argues that his guilty plea is invalid on the ground that it was not intelligently entered due to ineffective assistance of counsel.

4

The Postconviction Relief Act governs the timeliness of postconviction petitions. Section 590.01, subdivision 4(a), sets forth a general two-year limitations period in which to file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 4(a). The limitations period begins upon the latter of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." *Id.* If the limitations period in subdivision 4(a) has expired, subdivision 4(b) provides that the postconviction court may consider the untimely petition if any of five exceptions applies. *Id.*, subd. 4(b). For example, an exception applies if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5). But petitioners do not have an unlimited amount of time in which to file a petition because subdivision 4(c) provides that any petition relying on subdivision 4(b) "must be filed within two years of the date the claim arises." *Id.*, subd. 4(c).

## A.

For his first argument, Weitzel contends that the state waived the defense of untimeliness by not asserting the defense in its answer and that the state's waiver should have prevented the postconviction court from considering the issue of untimeliness and denying his petition on that ground. In response, the state contends that the postconviction court had discretion to consider the timeliness of Weitzel's petition even though the state did not assert the defense of untimeliness in its answer. Weitzel relies on two opinions in which the supreme court concluded that the state waived the defense of

5

untimeliness.  *See Hooper v. State*, 838 N.W.2d 775, 780-82 (Minn. 2013); *Carlton v. State*, 816 N.W.2d 590, 606 (Minn. 2012).

In *Carlton*, the supreme court held that "the time limitation in subdivision 4(c) does not operate as a jurisdictional bar, and that it therefore is subject to waiver."  816 N.W.2d at 606.  The supreme court declined to consider whether a postconviction petition was barred by the two-year limitations period in subdivision 4(c) because the state had waived the defense by not raising it, either in postconviction proceedings in the district court or in its appellate briefs.  *Id.*.  In *Hooper*, the supreme court declined to consider whether a postconviction petition was barred by the two-year limitations period in subdivision 4(a) because the state had waived the defense by not raising it in its appellate brief, even though the state had asserted it in postconviction proceedings in the district court.  838 N.W.2d at 780-82.  Collectively, *Carlton* and *Hooper* speak to the question whether *an appellate court* may consider the timeliness of a postconviction petition if the state has not argued untimeliness *on appeal*.  But *Carlton* and *Hooper* do not answer the question whether *a district court* may consider the timeliness of a postconviction petition if the state has not asserted untimeliness *in response to the petition*.  Thus, we reject Weitzel's argument that the postconviction court's denial of his petition conflicts with *Carlton* and *Hooper*.

**B.**

Neither party contends that Weitzel's first argument is governed by any other supreme court opinion or by a precedential opinion of this court.  In the absence of binding precedent within Minnesota, we may look to federal law for guidance.  *See id.*

6

(applying opinions of United States Supreme Court); *Carlton*, 816 N.W.2d at 601, 603-04 (same). The United States Supreme Court considered a very similar issue in *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675 (2006), which concerned a federal statute that provides for a one-year limitations period in which a state-court criminal offender may file a petition for a writ of *habeas corpus* in a federal district court. 28 U.S.C. § 2244(d)(1)(A) (2012). In *Day*, the State of Florida filed an answer in which it asserted that, after considering the days when the limitations period was tolled, the habeas petition was timely. 547 U.S. at 201, 126 S. Ct. at 1679. The magistrate judge, however, determined that the state had miscalculated the number of tolled days and that the petition actually was filed after the one-year limitations period. *Id.* at 201-02, 126 S. Ct. at 1679. The magistrate judge gave Day an opportunity to show cause why the petition should not be dismissed as untimely. *Id.* at 202, 126 S. Ct. at 1679. The magistrate judge rejected Day's reasons and recommended that the petition be dismissed as untimely. *Id.* The district court adopted the recommendation and dismissed the petition. *Id.* The United States Court of Appeals for the Eleventh Circuit affirmed. *Id.*

The Supreme Court in *Day* initially noted that the applicable statute of limitations is not a jurisdictional bar and, thus, a federal district court is not obligated to consider untimeliness if a state has not asserted it. *Id.* at 205, 126 S. Ct. at 1681. But the Court also noted that a federal district court may consider the timeliness of a *habeas* petition because the untimeliness defense is among a group of defenses that "implicat[e] values beyond the concerns of the parties," such as judicial efficiency, conservation of judicial resources, accuracy of judgments, and finality. *Id.* at 205-06, 126 S. Ct. at 1681-82

7

(alteration in original) (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)).

Accordingly, the Court set forth the following rule of law:

> [W]e hold that district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition. . . .
>
> Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred.

*Id.* at 209-10, 126 S. Ct. at 1684 (quotations and citations omitted). The Court affirmed the decisions of the lower courts, concluding that the federal district court did not abuse its discretion by considering the issue of untimeliness because, among other things, the magistrate judge "gave Day due notice and a fair opportunity to show why the limitation period should not yield dismissal of the petition" and "nothing in the record suggests that the State 'strategically' withheld the defense or chose to relinquish it." *Id.* at 210-11, 126 S. Ct. at 1684.

In a subsequent case, the Supreme Court clarified and limited *Day* by holding that a federal court may not consider the timeliness of a habeas petition and dismiss it on that basis if the state has not merely forfeited the statute-of-limitations defense but, rather, has intentionally, knowingly, and expressly waived it. *Wood v. Milyard*, 132 S. Ct. 1826, 1834-35 (2012).[1] Our supreme court cited and relied on *Day* in *Carlton.* *See* 816

---

[1]The Supreme Court in *Wood* emphasized the difference between forfeiture and waiver: "We note here the distinction between defenses that are 'waived' and those that

8

N.W.2d at 603 (citing *Day* for proposition that statute of limitations is not jurisdictional bar); *see also Matakis v. State*, 862 N.W.2d 33, 39 (Minn. 2015) (distinguishing *Day*); *Reed v. State*, 793 N.W.2d 725, 731 (Minn. 2010) (citing *Day* for proposition that statute of limitations is not jurisdictional).  Furthermore, the Supreme Court's opinions in *Day* and *Wood* provide a useful means of resolving Weitzel's first argument.

## C.

In applying *Day* and *Wood* to the facts of this case, we first note that the state's answer to Weitzel's petition does not give any indication that the state intentionally, knowingly, and expressly waived the defense of untimeliness.  *Cf. Wood*, 132 S. Ct. at 1834-35.  Accordingly, the postconviction court was "permitted, but not obliged, to consider, *sua sponte*, the timeliness of [the postconviction] petition."  *See Day*, 547 U.S. at 209, 126 S. Ct. at 1684.  Before doing so, however, the postconviction court was obligated to "accord the parties fair notice and an opportunity to present their positions" on the particular issues that the postconviction court was inclined to consider and resolve. *See id.* at 210, 126 S. Ct. at 1684.  It was obvious to the postconviction court that Weitzel's petition does not comply with the general two-year limitations period in

are 'forfeited.'  A waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve.  That distinction is key to our decision in Wood's case."  132 S. Ct. at 1832 n.4 (citations omitted).  Our supreme court also has observed the same distinction. *See State v. Beaulieu*, 859 N.W.2d 275, 278 n.3 (Minn. 2015) (distinguishing between waiver, "the intentional relinquishment or abandonment of a known right," and forfeiture, "the failure to make the timely assertion of a right"); *see also State v. Osborne*, 715 N.W.2d 436, 443 (Minn. 2006) (explaining that "forfeiture is nothing more than one form of waiver, that is, waiver by silence").  In *Hooper* and *Carlton*, however, our supreme court used the word "waiver" in a broad sense to encompass both concepts.  *See Hooper*, 838 N.W.2d at 780-82; *Carlton*, 816 N.W.2d at 600-07.

subdivision 4(a).  The petition conceded the point by invoking the interests-of-justice exception in subdivision 4(b)(5).  Furthermore, because Weitzel presented a well-developed argument for the interests-of-justice exception in his memorandum, the postconviction court had no need to give him an additional opportunity to present his position with respect to that issue before considering it and deciding that the interests-of-justice exception does not apply.[2]  *See id.*

The issue whether the petition was barred by the two-year limitations period in subdivision 4(c), however, is an issue that was not raised in Weitzel's petition or the state's answer.  Under *Day*, the postconviction court should have given Weitzel an opportunity to present his position on subdivision 4(c) before considering and disposing of the petition on that ground.  *See id.*; *see also Carlton*, 816 N.W.2d at 606 (concluding that state did not preserve argument concerning subdivision 4(c)).  The record indicates that the postconviction court did not give notice to the parties of its intention to consider whether Weitzel had satisfied the requirements of subdivision 4(c).  The postconviction court resolved that issue by determining that Weitzel had not satisfied the requirements of subdivision 4(c), and that determination provided a second reason for denying the petition.  But the lack of notice and opportunity to present argument concerning subdivision 4(c) is inconsequential because the postconviction court also determined that Weitzel's petition should be denied on the ground that he does not satisfy the interests-of-

---

[2]In general, it is also proper and beneficial to give the state an opportunity to express whether it has intentionally and knowingly waived the defense of untimeliness. *See Wood*, 132 S. Ct. at 1834-35.  In this case, however, we now know, based on the appellate briefing, that the state did not intend to waive the defense of untimeliness with respect to Weitzel's petition.

justice exception of subdivision 4(b)(5), which was the only exception in subdivision 4(b) that he invoked in his petition and argued in the accompanying memorandum. Weitzel had an opportunity to present argument concerning the interests-of-justice exception in subdivision 4(b)(5) before the postconviction court denied his petition on that ground. Weitzel's failure to satisfy the interests-of-justice exception is a sufficient basis for the postconviction court's denial of the petition. Thus, the postconviction court did not abuse its discretion by denying Weitzel's petition on the ground of untimeliness.

Weitzel's first argument is limited to a challenge to the district court's authority to consider the issue of untimeliness and to dispose of the petition on that ground. He does not argue that the postconviction court erred in its substantive analysis of the interests-of-justice exception. Therefore, we have fully resolved Weitzel's first argument. In light of that resolution, we need not consider his second and third arguments, which address the merits of his petition.

## D E C I S I O N

The postconviction court did not abuse its discretion by considering whether Weitzel's postconviction petition is timely and by denying the petition as untimely because Weitzel did not satisfy the interest-of-justice exception to the two-year statute of limitations.

**Affirmed.**