*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0709**

State of Minnesota,
Respondent,

vs.

Pov Beng,
Appellant.

**Filed April 4, 2016
Affirmed
Klaphake, Judge[*]**

Hennepin County District Court
File No. 27-CR-14-1661

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County
Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Frank Richard Gallo, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Reyes, Jr., Presiding Judge; Ross, Judge; and Klaphake,

Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

## UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Pov Beng challenges the district court's denial of his motion to withdraw his guilty plea to violating an order for protection (OFP), arguing that his guilty plea was not accurate because he failed to provide a factual basis to support his conviction. Because the record sufficiently supports Beng's conviction, we affirm.

## DECISION

A defendant must be allowed to withdraw a guilty plea if it "is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice exists when a guilty plea is not valid. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). To be valid, a guilty plea "must be accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). "Assessing the validity of a plea presents a question of law that we review de novo." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

Beng challenges only the accuracy of his guilty plea. To be accurate, a proper factual basis must be established on the record. *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012). "The main purpose of the accuracy requirement is to protect a defendant from pleading guilty to a more serious offense than he could be convicted of were he to insist on his right to trial." *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). Therefore, "[t]he factual basis must establish sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Munger v. State*, 749 N.W.2d 335, 338 (Minn. 2008) (quotations omitted).

2

Beng pleaded guilty to violating an OFP that prohibited him from contacting P.G. or her children "in person, by telephone, by letter, by third party, over the internet and/or through social media (i.e., Facebook, Twitter, etc.) or by any electronic means, such as pager, cell phone, e-mail, text message, etc." At the plea hearing, Beng admitted contacting P.G.'s current boyfriend through text message and on Facebook in an attempt to communicate with P.G. and her children. He also admitted that the OFP prohibited him from using a third person to contact P.G. and her children. But Beng now argues that the factual basis he provided at the hearing did not show that P.G.'s current boyfriend shared Beng's messages with P.G., so that the evidence was insufficient to establish that Beng *contacted* P.G. or her children "by third party" in violation of the OFP. He asserts that the factual basis showed only that he *attempted* to contact P.G. and her children "by third party," and that he therefore pleaded guilty to a more serious offense than he could have been convicted of at trial. *See Trott*, 338 N.W.2d at 251. We disagree.

When determining whether a plea was supported by a proper factual basis, we look to the entire record, not just Beng's colloquy. *See Lussier*, 821 N.W.2d at 588-89 (explaining that "the plea petition and colloquy may be supplemented by other evidence to establish the factual basis for a plea"); *Sanchez v. State*, 868 N.W.2d 282, 289 (Minn. App. 2015) (stating that "we are permitted to examine the complaint to assess whether a defendant's plea was accurate"), *review granted* (Minn. Oct. 28, 2015). The record shows that Beng contacted P.G.'s current boyfriend with the intention that the current boyfriend would share the messages with P.G. Moreover, although Beng did not testify that P.G.'s current boyfriend shared the messages with P.G., the record shows that he did share the

3

messages with P.G. According to the complaint, P.G. reported Beng's messages to police and stated that the messages "caused her to feel frightened."

The record as a whole creates a sufficient factual basis to prove that Beng violated the OFP by contacting P.G. through a third party. *See Munger*, 749 N.W.2d at 338. Beng's guilty plea was therefore accurate, and Beng cannot establish a manifest injustice that would require the withdrawal of his guilty plea. *See Theis*, 742 N.W.2d at 646. The district court did not err by denying Beng's motion to withdraw his plea.

**Affirmed.**