**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1605**

State of Minnesota,
Respondent,

vs.

Kevin Trent Johnson,
Appellant.

**Filed June 29, 2015**
**Affirmed**
**Johnson, Judge**

St. Louis County District Court
File No. 69DU-CR-13-3102

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, F. Richard Gallo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Johnson, Judge.

**S Y L L A B U S**

When accepting a *Norgaard* guilty plea, a district court should assure itself that there is a strong probability that the defendant would be found guilty of the crime to which he is pleading guilty but need not make an express finding on the record to that effect.

**JOHNSON**, Judge

Kevin Trent Johnson pleaded guilty to felony domestic assault by strangulation. At the plea hearing, he said that he could not remember the incident for which he was charged. But he agreed, based on his review of the police reports, that the state's evidence likely would persuade a jury to find him guilty. On direct appeal, Johnson argues that the district court erred by not making an express finding of fact on the record that there is a strong probability that he would be found guilty of the crime to which he pleaded guilty. We conclude that the district court did not have a duty to make such an express finding on the record and, therefore, affirm.

## FACTS

On the evening of July 25, 2013, Johnson and his former girlfriend, T.L., were at his apartment in Duluth. Johnson questioned T.L. about an incident involving a mutual acquaintance, which caused Johnson to become upset. When T.L. went to the bathroom, Johnson followed her, grabbed her by the throat with one hand, and squeezed. After he let go, he apologized and asked her to stay at the apartment.

T.L. contacted police and accused Johnson of attacking and strangling her. Three officers went to the apartment to investigate. According to the police report, T.L. told the officers that she attempted to scream but could not do so because she was losing her breath. She also said that her vision was affected in that she began to see white dots or "fuzzies." In addition, she said that she felt that she would die that night. An officer took photographs of a red mark on T.L.'s neck. Officers attempted to interview Johnson, but

2

he experienced a medical emergency related to heart problems and diabetes and was taken to a hospital.

The state charged Johnson with felony domestic assault by strangulation, in violation of Minn. Stat. § 609.2247, subd. 2 (2012), and misdemeanor domestic assault, in violation of Minn. Stat. § 609.2242, subd. 1(2) (2012).  In March 2014, Johnson pleaded guilty to the first charge.  At the plea hearing, Johnson's counsel questioned him about the incident, to the extent possible.  Johnson said that he did not remember much about the incident because of his medical emergency.  The remainder of the plea colloquy is as follows:

> Q.  [Y]ou have had the opportunity to look at all of the reports; is that correct?
>
> A.  Yes.
>
> Q.  And you know that [T.L.] is saying that you had strangled her, correct; that's what she is saying?
>
> A.  Correct.
>
> . . . .
>
> Q.  You would be willing to allow the Judge to rely on these reports for the rest of the factual basis; is that correct?
>
> A.  Yes.
>
> DEFENSE COUNSEL:  I have no further questions.
>
> THE COURT:  Would you agree that if the fact finder, whether that was me or a jury, if we were in a trial and the prosecution called witnesses who would testify to what is in those police reports about what happened that night at your residence, that applying the presumption of innocence and

3

burden of proof beyond a reasonable doubt, if all that information came out, that you would be convicted of that Domestic Assault By Strangulation?

THE DEFENDANT: Yes.

. . . .

THE COURT: I will accept your plea of guilty, then, on Count I, [and] dismiss Count II.

In May 2014, the district court imposed a sentence of 21 months of imprisonment, stayed the sentence, and placed Johnson on probation for three years. Johnson appeals.

**ISSUE**

Did the district court err by accepting Johnson's *Norgaard* guilty plea without making an express finding on the record that there is a strong probability that he would be found guilty of the crime to which he pleaded guilty?

**ANALYSIS**

Johnson argues that the district court erred by accepting his guilty plea without making a finding concerning the adequacy of the factual basis for the plea. Johnson did not present this argument to the district court before entry of judgment. Nonetheless, the caselaw permits him to make the argument for the first time on direct appeal from his conviction and sentence. The supreme court has stated that, "by pleading guilty, a defendant does not waive the argument that the factual basis of his guilt was not established." *State v. Iverson*, 664 N.W.2d 346, 350 (Minn. 2003). Accordingly, "a defendant is free to simply appeal directly from a judgment of conviction and contend that the record made at the time the plea was entered is inadequate" to establish the

4

requirements of a valid guilty plea. *Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989). Thus, we consider Johnson's argument even though he did not present it to the district court.

A guilty plea is valid if it is "accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994) (citing *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983)). As the supreme court has explained,

> The main purpose of the accuracy requirement is to protect a defendant from pleading guilty to a more serious offense than he could be convicted of were he to insist on his right to trial. . . . The purpose of the voluntariness requirement is to insure that the defendant is not pleading guilty because of improper pressures. The purpose of the requirement that the plea be intelligent is to insure that the defendant understands the charges, understands the rights he is waiving by pleading guilty, and understands the consequences of his plea.

*Trott*, 338 N.W.2d at 251. If a guilty plea fails to meet any of these three requirements, the plea is invalid. *State v. Theis*, 742 N.W.2d 643, 650 (Minn. 2007). This court applies a *de novo* standard of review when determining the validity of a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

Johnson's argument implicates the accuracy requirement. A guilty plea is inaccurate if it is not supported by a proper factual basis. *Ecker*, 524 N.W.2d at 716. A factual basis exists if there are "'sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty.'" *Iverson*, 664 N.W.2d at 349 (quoting *Kelsey v. State*, 298 Minn. 531, 532, 214 N.W.2d 236, 237 (1974)). The adequacy of the factual basis usually is established by questioning the defendant to prompt him to explain the "circumstances surrounding the crime." *Williams*

5

*v. State*, 760 N.W.2d 8, 12 (Minn. App. 2009) (quoting *Ecker*, 524 N.W.2d at 716), *review denied* (Minn. Apr. 21, 2009). In two circumstances, however, "a factual basis must be established by other means: when a defendant enters an *Alford/Goulette* plea and when a defendant enters a *Norgaard* plea." *Id.* A defendant enters an *Alford/Goulette* plea if he maintains his innocence but "reasonably believes, and the record establishes, the state has sufficient evidence to obtain a conviction." *Ecker*, 524 N.W.2d at 716 (citing *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970)); *see also State v. Goulette*, 258 N.W.2d 758, 760 (Minn. 1977). A defendant enters a *Norgaard* plea if he "claims a loss of memory, through amnesia or intoxication, regarding the circumstances of the offense" but the record establishes that "the defendant is guilty or likely to be convicted of the crime charged." *Ecker*, 524 N.W.2d at 716; *see also State ex rel. Norgaard v. Tahash*, 261 Minn. 106, 112-14, 110 N.W.2d 867, 871-72 (1961).

In either an *Alford/Goulette* plea or a *Norgaard* plea, the factual basis of the plea is not established by the defendant's admissions to the facts alleged in the complaint. In fact, an *Alford/Goulette* plea "is actually contradicted by his claim of innocence." *Theis*, 742 N.W.2d at 649; *see also Williams*, 760 N.W.2d at 12. Rather, in an *Alford/Goulette* plea, an adequate factual basis exists if the defendant "agrees that evidence the State is likely to offer at trial is sufficient to convict." *Theis*, 742 N.W.2d at 649. In establishing that factual basis, a district court should "have the defendant specifically acknowledge on the record at the plea hearing that the evidence the State would likely offer against him is sufficient for a jury, applying a reasonable doubt standard, to find the defendant guilty." *Id*. The defendant's statements allow the district court to "independently conclude that

6

there is a strong probability that the defendant would be found guilty of the charge to which he pleaded guilty." *Id.* (emphasis omitted). The means of ensuring the factual basis of an *Alford/Goulette* plea are essentially the same as the means of ensuring the factual basis of a *Norgaard* plea. *See Williams*, 760 N.W.2d at 12-13 (noting that supreme court in *Theis* relied on *Norgaard* precedent to clarify *Alford/Goulette* accuracy standard).[1]

Johnson contends that the district court erred on the ground that it did not "give scrutiny to the factual basis" of his plea and "never determined . . . [whether he] would likely be convicted if the matter went to trial." Johnson relies on *Theis*, which stated that a "strong factual basis and the defendant's agreement that the evidence is sufficient to support his conviction provide the court with a basis to independently conclude that there is a strong probability that the defendant would be found guilty of the charge to which he pleaded guilty." 742 N.W.2d at 649 (emphasis omitted). Johnson's contention implies that a district court has a duty, when accepting a *Norgaard* plea, to make an express finding, on the record, that "there is a strong probability that the defendant would be found guilty of the charge to which he pleaded guilty." *See id.*

Johnson does not cite any authority for the proposition that a district court has a duty to make an express finding on that issue, and we are unaware of any such authority.

---

[1]Johnson refers to the plea that he entered as an *Alford/Goulette* plea. The state asserts that he entered a *Norgaard* plea. Because Johnson's inability to admit the allegations in the complaint is due to his lack of recollection, his plea is properly deemed a *Norgaard* plea. *See Norgaard*, 261 Minn. at 112-114, 110 N.W.2d at 871-72. In any event, the caselaw indicates that the same standard applies to either type of guilty plea. *See Williams*, 760 N.W.2d at 12-13.

7

A district court's obligation is to "ensure that an adequate factual basis has been established in the record." *Ecker*, 524 N.W.2d at 716; *see also Theis*, 742 N.W.2d at 647; *Trott*, 338 N.W.2d at 251-52; *Williams*, 760 N.W.2d at 12-13. If the factual basis of a guilty plea is challenged on direct appeal, this court conducts a *de novo* review by reviewing the record of the plea hearing, which should reveal the factual basis. *See Raleigh*, 778 N.W.2d at 94; *Brown*, 449 N.W.2d at 182. The statement in *Theis* concerning what a district court must "independently conclude" indicates merely that a district court must assure itself that the accuracy standard is satisfied. *See Theis*, 742 N.W.2d at 649; *State v. Russell*, 306 Minn. 274, 274, 236 N.W.2d 612, 613 (1975) (stating that district court may not accept guilty plea "unless it is first satisfied that, among other things, the plea is supported by an adequate factual basis"). There is no suggestion in the caselaw that a district court, as a routine matter when accepting a *Norgaard* plea, must make an express finding that "there is a strong probability that the defendant would be found guilty of the charge to which he pleaded guilty." *See Theis*, 742 N.W.2d at 649.

Likewise, there is no suggestion in the rules of criminal procedure that a district court must make an express finding on the record concerning the adequacy of the factual basis of every *Norgaard* plea. The applicable rule describes in detail the procedures that a district court must follow when accepting a guilty plea in a felony case. *See* Minn. R. Crim. P. 15.01, subd. 1. The rule provides, "The defendant must state the factual basis for the plea." Minn. R. Crim. P. 15.01, subd. 1(8). But the rule does *not* provide that the

district court must make an express finding concerning the adequacy of the factual basis of the plea. *See* Minn. R. Crim. P. 15.01, subd. 1.

We note that a person who has pleaded guilty has an opportunity to ask the district court to make an express finding concerning the accuracy of his guilty plea. A person may do so by filing a motion to withdraw the plea, either before or after sentencing. *See* Minn. R. Crim. P. 15.05, subds. 1 & 2. A person could seek such relief in a post-conviction petition, so long as the petition is filed within the two-year limitations period. *See* Minn. Stat. § 590.01, subd. 4(a) (2014); *Lussier v. State*, 821 N.W.2d 581, 586 & n.2 (Minn. 2012). After the filing of such a motion or petition, a district court would be obligated to make an express finding concerning the accuracy of the plea, if the accuracy issue were raised. *See, e.g.*, *Butala v. State*, 664 N.W.2d 333, 340-41 (Minn. 2003). Johnson contends that the district court erred by not making a finding that never was requested. The opportunity to request an express finding concerning the validity of a guilty plea tends to explain why such a finding is not required in every case. In the absence of a specific requirement in the rules of criminal procedure or in the caselaw, we decline to impose a requirement that, in every *Norgaard* guilty plea, the district court must make an express finding on the record that there is a strong probability that the defendant would be found guilty of the crime to which he is pleading guilty.

### D E C I S I O N

The district court did not err when it accepted Johnson's *Norgaard* guilty plea.

**Affirmed.**