*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0472**

State of Minnesota,
Respondent,

vs.

Tuquan Lee Smith,
Appellant.

**Filed February 8, 2016
Affirmed
Peterson, Judge**

Mower County District Court
File No. 50-CR-13-2543

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Kristen Nelsen, Mower County Attorney, Jeremy Clinefelter, Assistant County Attorney, Austin, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Kirk, Presiding Judge; Peterson, Judge; and Worke, Judge.

UNPUBLISHED OPINION

**PETERSON**, Judge

In this appeal from a conviction of first-degree aggravated robbery, appellant argues that his *Alford* plea was invalid because the factual basis for the plea was insufficient to establish that he believed that he would be convicted by a jury. We affirm.

## FACTS

Three men robbed the Freeborn Coop gas station in Lyle. Police began surveillance in the area and saw a Chevrolet Impala with a driver and passengers who fit the description of the robbers. When police stopped the car, appellant Tuquan Lee Smith was driving, and Vonzell Whitehead, Elgin Green, and Keion Clay were passengers. Police searched the car and discovered clothing used in the robbery, cash, and checks made out to the gas station. The police also recovered clothing along the road that matched witness descriptions of the robbers.

On a surveillance video, police were able to identify Whitehead and Green as active participants in the robbery. A third man appeared in the video, but his face was covered. That man was wearing light or gray shoes; Smith was wearing gray shoes when he was arrested. A witness reported seeing a Chevrolet Impala parked near the gas station with four men in it. This car moved to various locations in the parking lot before the robbery.

All four men were charged with first-degree aggravated robbery, and they all denied involvement. The district court ordered that all four trials be joined. Clay, Green, and Whitehead pleaded guilty, and, during their plea hearings, all three men implicated Smith

2

in the robbery. Smith observed at least two of the pleas. On the scheduled date of his trial, Smith entered an *Alford*[1] plea to the charge of first-degree aggravated robbery.

During the plea colloquy, Smith admitted that (1) he reviewed the police reports and knew that his co-defendants had pleaded guilty; (2) he was aware that there was a handgun and a long gun in the car; (3) he was driving the car and made a statement to the others about how many customers were still in the gas station; (4) he heard Whitehead say "go get 'em" indicating that all the customers had left the gas station; (5) Whitehead would testify that he gave Smith some money and the gun used by Green during the robbery, and Smith wiped the gun clean and put it between the seats of the car; (6) both Green and Clay testified in their plea proceedings that Smith was a party to the robbery and discussed it with them; (7) he was "not truthful" when he told police that he had not stopped after leaving Iowa and entering Minnesota, and he did not know that anything was going on or that there was evidence of a robbery in the car; (8) police found a gun, cash, and checks from the gas station in the car and clothing along the road; (9) he took evasive action by taking back roads in an attempt to avoid detection; and (10) "in reviewing all of the evidence that would be tendered against [him], it is clear . . . that a reasonable group of

---

[1] The United States Supreme Court held that a defendant who maintains that he is innocent may nevertheless plead guilty to a charge in order to take advantage of a plea agreement by acknowledging that the evidence is strong enough to enable a jury to find him guilty beyond a reasonable doubt. *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970). Here, the state agreed not to seek an aggravated sentence based on the factor that three or more people acted together to commit the crime. Minnesota adopted the reasoning of *Alford* in *State v. Goulette*, 258 N.W.2d 758, 761-62 (Minn. 1977).

jurors, based upon this evidence, could certainly conclude that [he] aided and abetted the actions in this robbery."

The district court found that Smith made his plea intelligently and voluntarily and that there was a factual basis for the plea. The district court imposed the presumptive 78-month sentence, based on Smith's criminal-history score of three. Smith now seeks to withdraw his guilty plea, arguing that withdrawal is necessary to correct a manifest injustice because his plea was not accurate.

## D E C I S I O N

> A manifest injustice exists if a guilty plea is not valid. To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent. A defendant bears the burden of showing his plea was invalid. Assessing the validity of a plea presents a question of law that we review de novo.

*State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010) (citations omitted). Smith challenges only the accuracy of his plea, which protects a defendant from pleading guilty to a more serious charge than he could be convicted of at trial. *Id.*

A plea is accurate if it is supported by sufficient facts on the record to demonstrate that the defendant's conduct falls within the charge to which he is pleading guilty. *Lussier v. State*, 821 N.W.2d 581, 588-89 (Minn. 2012). This is particularly important in the case of an *Alford* plea. *See State v. Theis*, 742 N.W.2d 643, 649 (Minn. 2007) (stating that "defendant's acknowledgment that the State's evidence is sufficient to convict is critical to the court's ability to serve the protective purpose of the accuracy requirement"). Because a defendant entering an *Alford* plea is maintaining his innocence, his admission to the facts alleged in the complaint is insufficient, standing alone, to provide a basis for the plea. *State*

4

*v. Johnson*, 867 N.W.2d 210, 215 (Minn. App. 2015), *review denied* (Minn. Sept. 29, 2015). In addition to the factual admissions, a defendant must acknowledge that the "evidence the State is likely to offer at trial is sufficient to convict." *Id.* (quotation omitted). And the district court must "independently conclude that there is a strong probability that the defendant would be found guilty of the charge to which he pleaded guilty." *Id.* (quotation omitted). In *Theis*, the supreme court concluded that there must be a "strong factual basis" before an *Alford* plea is valid. 742 N.W.2d at 649.

Smith was charged with aggravated robbery, in violation of Minn. Stat. § 609.245, subd. 1 (2012) (committing a robbery while armed with a dangerous weapon). Smith signed a plea petition acknowledging that he had been advised of his rights and had sufficient time to talk to his attorney. He also acknowledged that he "had an opportunity to review all of the police reports and the statements and sit in on some of the pleas that were given by other individuals that were present or involved in this incident." As a factual basis for the charge, Smith agreed that he (1) knew that the other men were armed and that they were going to enter the gas station in order to rob it; (2) received money and a handgun from Green after the robbery, wiped the handgun clean, and put it between the seats; (3) understood that the other defendants implicated him in the robbery; (4) lied to the police and acknowledged that they found the gun and proceeds of the robbery in the car he was driving; and (5) took "evasive actions" in driving by leaving the main road and taking back roads in order to avoid police. Smith acknowledged that "in reviewing all of the evidence that would be tendered against [him], it is clear . . . that a reasonable group of jurors, based upon this evidence, could certainly conclude" that he aided and abetted the armed robbery.

5

The prosecutor explained the range of sentences that Smith would be subject to based on his criminal-history score, the possibility that he could receive an aggravated sentence because more than three people were involved in the crime, and that he would not be subject to an aggravated sentence if he pleaded guilty. This provides a strong factual basis for the guilty plea. And Smith agreed that a jury "could certainly conclude" that he was guilty.

After Smith was questioned, the district court stated, "Mr. Smith, I will accept your plea of guilty and find that there is a factual basis for it. I also find that you have made a voluntary and intelligent waiver of your right to trial." In addition, the court stated: "For purposes of the Alford Plea, also, I . . . will find that based on . . . your answers to those questions, that there would be a probability of your conviction; and in that regard, your plea here today was made voluntarily and intelligently and rationally."

Smith argues that the district court's statements were inadequate because the court did not find that there was a "strong probability" that he "would" be convicted. But the district court's obligation is to "ensure that an adequate factual basis has been established in the record." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). There is no requirement that the district court use certain words to discharge this obligation.

Citing *Theis*, Smith argues that his acknowledgement that he "could" be found guilty is nothing more than Theis's acknowledgement that there was a "risk" that he would be found guilty, which the supreme court held was insufficient for an *Alford* plea. 742 N.W.2d at 649-50. But in *Theis*, no one inquired into the factual basis for the plea. *Id.* at 645. Theis reviewed the plea petition, stated that he understood his rights and the charges

6

against him, and agreed that he had non-consensual sexual contact with his stepdaughter, but no factual details were placed on the record. *Id.* The supreme court concluded that when a defendant enters an *Alford* plea, there must be "a strong factual basis" that is "based on evidence discussed with the defendant on the record at the plea hearing." *Id.* at 649. Unlike *Theis*, the record here includes a specific strong factual basis for Smith's plea and Smith agreed that he also had reviewed the police reports and knew that the co-defendant's testimony would implicate him.

In *Theis*, the supreme court also cautioned that "the court must be able to determine that the defendant, despite maintaining his innocence, agrees that evidence the State is likely to offer at trial is sufficient to convict." *Id.* To achieve this, the defendant should "specifically acknowledge on the record at the plea hearing that the evidence the State would likely offer against him is sufficient for a jury, applying a reasonable doubt standard, to find the defendant guilty of the offense to which he is pleading guilty." *Id.* Smith agreed that it was "clear" that a "reasonable group of jurors, based on this evidence, could certainly conclude" he was guilty. In contrast, Theis agreed that there was a "risk" that he would be found guilty. *Id.* at 650. Finally, in *Theis*, the district court stated that "it was satisfied with the basis for the plea and would accept it" without commenting on the factual basis for the plea. *Id.* at 645 (quotations omitted). Here, the district court found that there was a sufficient factual basis for the *Alford* plea, that Smith had entered the plea voluntarily and intelligently, and that "there would be a probability of your conviction."

This court stated in *Johnson* that "[t]here is no suggestion in the caselaw that a district court, as a routine matter when accepting a *Norgaard*[2] plea, must make an express finding that there is a strong probability that the defendant would be found guilty of the charge to which he pleaded guilty." 867 N.W.2d at 216 (quotation omitted). This court continued, "[W]e decline to impose a requirement that, in every *Norgaard* guilty plea, the district court must make an express finding on the record that there is a strong probability that the defendant would be found guilty of the crime to which he is pleading guilty." *Id.* at 217. Thus, when the record clearly demonstrates that the accuracy requirement is satisfied, there are no prescribed words that must be said before an *Alford* plea is valid. Smith agreed to a specific factual basis and admitted that, based on the evidence, a jury could "certainly conclude" that he was guilty of aggravated robbery. The record demonstrates that Smith was not pleading guilty to a more serious charge than he could have been convicted of at trial. *See Raleigh*, 778 N.W.2d at 94. And the district court expressly stated that it had considered the factual basis provided at the plea and that it was sufficient to establish a probability of conviction.

**Affirmed.**

---

[2] "The means of ensuring the factual basis of an *Alford/Goulette* plea are essentially the same as the means of ensuring the factual basis of a *Norgaard* plea." *Johnson*, 867 N.W.2d at 215. A *Norgaard* plea is made when a defendant claims a loss of memory through amnesia or intoxication. *Id.*