*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0266**

State of Minnesota,
Respondent,

vs.

Joseph Tyler Briseno,
Appellant.

**Filed December 5, 2016
Affirmed
Smith, Tracy M., Judge**

Hennepin County District Court
File No. 27-CR-15-19573

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Cheri A. Townsend, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Johnson, Presiding Judge; Hooten, Judge; and Smith,

Tracy M., Judge.

UNPUBLISHED OPINION

**SMITH, TRACY M.**, Judge

Appellant Joseph Tyler Briseno appeals his conviction of theft of movable property, arguing that his guilty plea must be vacated because the factual basis for the plea is inadequate. Because we conclude that the guilty plea was accurate, we affirm.

**FACTS**

Briseno was charged with one count of theft of movable property and one count of possession of a theft tool in July 2015 in connection with thefts from a Target and a Kohl's in St. Louis Park and a Sephora in Edina. Briseno initially pleaded not guilty on both counts. Briseno later changed his plea to guilty on both counts in exchange for dismissal of two unrelated charges.

At the plea hearing, Briseno testified that he understood that he gave up his right to trial and that he gave up this right because he was guilty of theft and possession of a theft tool. When he was questioned about the facts of the offenses, Briseno initially appeared confused as to which event was relevant to the case. When the district court asked Briseno what happened in St. Louis Park, Briseno responded, "I think the theft of $1,000 is going to be out of Edina." Briseno explained that he "believe[d] the value of the Target items was $360" and that the district court had an "erroneous inventory" of the items he took from Kohl's. Briseno stated he would "just say yes" to the district court's questions because he believed it was "part of the deal," but the district court instructed him to not just answer yes. The prosecutor clarified that the list of items was aggregated for purposes of the theft charge and included items from all three of the alleged thefts.

Briseno stated he would "confess" that the total value, "[w]ithout nitpicking," of the items taken from Sephora was $2,752. Briseno agreed with the district court that the "loss" from the stores in St. Louis Park was "at least $1,000 and less than $5,000." When asked whether he used something to help "steal these items," Briseno responded that he used "a scissors from the retailers." He admitted that he used the scissors to "effectuate the theft." The district court asked Briseno no further questions and accepted Briseno's guilty pleas. Briseno was sentenced to 21 months in prison.

Briseno appeals.

## D E C I S I O N

### I. Briseno's guilty plea was accurate because it was supported by a proper factual basis.

Briseno argues that we should vacate his guilty plea for theft of movable property because his guilty plea is not supported by a proper factual basis establishing all of the necessary elements of the crime.[1] We review the validity of a plea de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

A defendant may challenge the validity of a plea for the first time on appeal. *State v. Johnson*, 867 N.W.2d 210, 214 (Minn. App. 2015), *review denied* (Minn. Sept. 29, 2015). A defendant has no absolute right to withdraw a guilty plea and bears the burden of showing that the plea was invalid. Minn. R. Crim. P. 15.05; *Raleigh*, 778 N.W.2d at 93. A guilty plea is valid if it is "accurate, voluntary and intelligent." *State v.*

---

[1] Briseno does not challenge the accuracy of the factual basis for his guilty plea on the count of possession of theft tools.

3

*Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). A guilty plea is invalid if it fails to meet any of these three requirements.

"A guilty plea is inaccurate if it is not supported by a proper factual basis." *Johnson*, 867 N.W.2d at 215. A defendant does not "waive the argument that the factual basis of his guilt was not established" by pleading guilty. *State v. Iverson*, 664 N.W.2d 346, 350 (Minn. 2003). A proper factual basis exists if there are "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Id.* at 349. The district court usually establishes the factual basis by questioning the defendant about the facts and circumstances surrounding the crime. *Johnson*, 867 N.W.2d at 215. If "the defendant makes statements that negate an essential element of the charged crime," the factual basis is inadequate. *Iverson*, 664 N.W.2d at 350.

Briseno argues that there was not a proper factual basis in the record to establish all of the necessary elements of theft of movable property. Minn. Stat. § 609.52, subd. 2(a)(1) (2014). Minn. Stat. § 609.52, subd. 2(a)(1), criminalizes "intentionally and without claim of right tak[ing] . . . possession of movable property of another without the other's consent and with intent to deprive the owner permanently of possession of the property." Briseno claims that there was insufficient evidence that "he acted intentionally, that he knew or believed he had no right to take the property, or that he intended to permanently deprive the owner of the property." The state responds by arguing that the district court properly inferred intent because Briseno referred to a theft

4

of over $1,000, admitted to using a tool to steal property from the stores, and indicated that he understood the charges against him.

The Minnesota Supreme Court has held that a proper factual basis to support a guilty plea exists when the district court could have inferred intent from the evidence in the record. *Nelson v. State*, 880 N.W.2d 852, 860 (Minn. 2016). Minn. Stat. § 609.02, subd. 9(3), defines "intentionally" to mean "that the actor either has a purpose to do the thing or cause the result specified or believes that the act performed by the actor, if successful will cause that result."

We conclude that there is sufficient evidence from which to infer intent in the present case. While Briseno initially appeared confused about which incident was relevant to the charge, his testimony became clearer once the prosecutor clarified that the thefts from the three stores were aggregated. Briseno did not dispute that he took merchandise from at least some of the stores. When asked what happened at Kohl's and Target in St. Louis Park, Briseno responded that "I think the theft of $1,000 is going to be out of Edina." Briseno, in his own words, "confessed" that, "without nitpicking," "the stuff taken from Sephora on July 10th" totaled $2,752 in value. He also agreed that Target and Kohl's suffered a "loss" of "at least $1,000 and less than $5,000." Furthermore, Briseno admitted that he used "scissors from the retailers" to, as the district court phrased it, "help [him] steal these items" and "effectuate the theft." Briseno's confession that the stores suffered losses and that he used a pair of scissors to steal the items permits an inference that Briseno intended to commit a theft. *See Nelson*, 880 N.W.2d at 860.

5

The record also supports an inference that Briseno knew that he had no claim of right to the items because Briseno acknowledged that he used a pair of scissors to "steal" the items. The word "steal" connotes a wrongful taking of another's property without permission. *American Heritage Dictionary* 1758 (3d ed. 1992) (defining "steal" to mean "[t]o take (the property of another) without right or permission"). Moreover, Briseno agreed that the stores suffered a "loss." *See American Heritage Dictionary* 1063 (defining "loss" to mean "[t]he condition of being deprived or bereaved of something or someone"). Briseno's testimony reflects an understanding that he had no claim of right to the items he took.

Moreover, when the district court offered Briseno an opportunity to ask questions regarding his plea, Briseno responded that his attorney had answered his questions. In *Sykes v. State*, this court was persuaded that the defendant's plea was accurate because his attorney "informed him of the nature and elements of the charges against him" and the defendant still decided to plead guilty. 578 N.W.2d 807, 814 (Minn. App. 1998), *review denied* (Minn. July 16, 1998). Briseno was provided with an opportunity to ask clarifying questions, indicated that he understood the charges against him, and acknowledged that he was "in fact" guilty of theft of property over $1,000. These procedural protections reinforce the accuracy of Briseno's guilty plea.

Because we conclude that there was a proper factual basis to ensure the accuracy of Briseno's guilty plea, we affirm. *Johnson*, 867 N.W.2d at 215.

**Affirmed.**

6